WILCOCKS (BAINBRIDGE v.). See Case No. 755.

===

## Case No. 17,638.

### WILCOCKS v. PALMER.

[3 Wash. C. C. 248.] [1]

Circuit Court, D. Pennsylvania. April Term, 1814.

#### SEAMEN'S WAGES—PROOF OF SERVICE.

Libel for mariner's wages. Palmer stated in his libel, that he had shipped, and signed articles for a certain voyage; and was forcibly expelled from the vessel during the voyage, without cause. The answer denied the allegations in the libel, and charged the mariner with mutiny, &c. To entitle the appellee to wages, he must not only produce the shipping articles, but must prove he performed the voyage, or show a legal cause for not having done so.

[Appeal from the district court of the United States for the district of Pennsylvania.]

This was a libel filed by the appellee in the district court, setting forth that he shipped on board of a vessel owned by the appellant, as a mariner, on a voyage from Canton to Philadelphia, and signed the shipping articles;—that the ship sailed on her voyage, and stopped at a port in the island of Java, where the libellant was forcibly turned on shore by the master, and without any cause kept out of the ship. and was prevented from performing his contract;—that the vessel arrived in safety at Philadelphia, where the libellant some time afterwards followed her. The respondent, by his answer, states, that whilst the ship was lying at Soura Baya, near the straits of Bally, the libellant was guilty of mutiny, and deserted from the ship. He denies that the libellant was turned on shore by the captain, and was kept out of the ship, and prevented from performing his contract. The district court decreed in favour of the libellant for the amount of his wages [case unreported], from which an appeal was taken to this court.

WASHINGTON, Circuit Justice. There is no evidence produced in this court, nor does it appear, that there was any in the district court, but the shipping articles; and the only question is, whether the libellant is entitled to a decree, without proving the

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

charges in his libel? Upon this point, we entertain no doubt. To entitle the libellant to recover his wages, he must not only state, that he contracted by the shipping articles to serve on board the vessel for a certain voyage, but he must also state, that he performed his contract; or if not, that he was prevented from doing so by some circumstance which amounts to a legal excuse. If the respondent denies the truth of the alleged excuse, then, the libellant must prove it; or else it appears, by his own statement, that he did not perform the contract, in which event, only, he is entitled to his compensation; and he shows no excuse for his not having done so. In this case, the respondent denies the truth of the excuse alleged by the libellant, for his not performing his contract; and then proceeds to state other reasons, why the libellant is not entitled to his wages. If the libellant had proved the allegations of the libel, then it would have been incumbent on the respondent to support his answer.

Decree reversed, with costs, and libel dismissed.